

# SUPREME COURT OF ARKANSAS

No. CV-13-26

| | |
|---|---|
| DAVID LEE LEWIS<br><br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** October 2, 2014<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-12-286]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 1984, appellant David Lee Lewis was convicted by a jury in the Desha County Circuit Court of first-degree battery and aggravated robbery, and he was sentenced to an aggregate term of 720 months' imprisonment in the Arkansas Department of Correction (ADC). This court reversed appellant's convictions and remanded for a new trial in *Lewis v. State*, 286 Ark. 372, 691 S.W.2d 864 (1985). In 1985, appellant was again convicted of the crimes charged, and he was sentenced as a habitual offender to consecutive sentences of 360 months' imprisonment for the aggravated-robbery conviction and 288 months' imprisonment for the first-degree-battery conviction. This court affirmed. *Lewis v. State*, 288 Ark. 595, 709 S.W.2d 56 (1986).

In 2012, appellant filed in the Jefferson County Circuit Court pro se petitions for declaratory judgment and for writ of mandamus in which he sought to challenge the calculation of his parole eligibility and application of meritorious good-time credit and also contended that

he had been eligible for release since 2005.[1] The circuit court entered an order denying the relief sought, and appellant now appeals and raises the same claims that were raised below.

A petition for declaratory judgment and writ of mandamus is civil in nature. *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989). We have held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Pitts v. Hobbs*, 2013 Ark. 457 (per curiam); *see also Aguilar v. Lester*, 2011 Ark. 329 (per curiam) (citing *Ark. Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986)). The declared legislative purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Ark. Code Ann. § 16-111-102(a) (Repl. 2006). Our declaratory-judgment act was not intended to allow any question to be presented by any person; the matters must first be justiciable. *Aguilar*, 2011 Ark. 329.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Pitts*, 2013 Ark. 457; *Banks v. Hobbs*, 2013 Ark. 377 (per curiam) (citing

---

[1]Appellant's calculation of his release date appears to be premised on the following mistakes of law and fact: (1) The court ordered his sentences to be served *concurrently*, and, thus, he is only required to serve an aggregate term of 360 months' imprisonment; (2) The 360-month sentence imposed for the aggravated-robbery conviction, though ineligible for parole, is subject to reduction by the application of meritorious good-time credit, of which appellant contends he has earned ten years. The judgment-and-commitment order in appellant's case reflects that his sentences were ordered to be served *consecutively*, and Arkansas Statutes Annotated section 43-2807.1 (Supp. 1983), in effect at the time appellant committed aggravated robbery, does not allow for good-time credit.

*Aguilar*, 2011 Ark. 329). A writ of mandamus is issued only to compel an official or a judge to take some action, and when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Pitts*, 2013 Ark. 457. But, a writ of mandamus will not lie to control or review matters of discretion. *Id.*

The determination of parole eligibility is solely within the province of the ADC. *Anderson v. Hobbs*, 2013 Ark. 354 (per curiam). The law is well settled that parole eligibility is determined by the law in effect at the time the crime is committed. *Aguilar*, 2011 Ark. 329. In the instant case, appellant was sentenced to consecutive terms of imprisonment of 360 months for the charge of aggravated robbery and 288 months for the charge of first-degree battery. The trial record reflects that the State introduced evidence of appellant's habitual-offender status—a plea of guilty in 1978 to breaking or entering, a Class D felony, and theft of property, a Class C felony, and a plea of guilty in 1979 to aggravated robbery, a Class A felony.

Arkansas Statutes Annotated section 43-2807.1 (Supp. 1983), in effect at the time appellant committed the underlying charge of aggravated robbery, provided:

> Any person who commits . . . aggravated robbery subsequent to the effective date [March 24, 1983] of this Act, and who has previously pled guilty, nolo contendere or been found guilty of . . . aggravated robbery, shall not be eligible for release on parole by the State Board of Pardons and Paroles.

Thus, pursuant to section 43-2807.1, appellant is not eligible for parole on the 360-month sentence imposed for the underlying aggravated-robbery charge because he has previously entered a plea of guilty to aggravated robbery.[2]

---

[2]The record reflects that the date of the offenses for which appellant was charged and convicted in the instant case is May 10, 1984.

Section 43-2830.3(B)(4) (Supp. 1983), in effect at the time appellant committed the underlying charge of first-degree battery, provided that, as an inmate classified as a third offender,[3] he would not be eligible for parole on the 288-month sentence until a minimum of three-fourths of the time has been served, with credit for good-time allowances.

Pursuant to Arkansas Statutes Annotated section 43-2830.3(E), "[f]or parole eligibility purposes, consecutive sentences . . . for one or more counts, shall be considered as a single commitment reflecting the cumulative sentence to be served." However, the aggregation of consecutive sentences may not result in an inmate being eligible for parole during a sentence for which parole is not authorized. *See Woods v. Lockhart*, 292 Ark. 37, 727 S.W.2d 849 (1987). Therefore, appellant is not eligible for parole until he has served the entirety of his 360-month sentence for which he is ineligible for parole and three-fourths of his 288-month sentence, with credit for good-time allowances.

As appellant has failed to show that the ADC is miscalculating his parole-eligibility date in a manner inconsistent with the law in effect at the time he committed the crimes charged, the circuit court did not err in denying his petition for declaratory judgment, and, without establishing a right to declaratory judgment, appellant provided no basis for a writ of mandamus to issue. *See Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268 (per curiam).

Affirmed.
*David Lee Lewis*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[3]"Third offenders shall be inmates convicted of three or more felonies and who have been twice incarcerated in some correctional institution in the United States, whether local, state or federal, for a crime which was a felony under the laws of the jurisdiction in which the offender was incarcerated, prior to being sentenced to a correctional institution in this State for the offense or offenses for which they are being classified." Ark. Stat. Ann. § 43-2830.2(3).

SLIP OPINION