ROBIN F. WYNNE, Associate Justice hAt issue in this appeal is Act 766 of 2013, known as the Arkansas Peer Review Fairness Act'(the Act). 'Act of Apr. 5, 2013, No. 766, 2013 Ark. Acts 2890 (codified at Ark.Code Ann. § 20-9-1301 (Repl. 2014)). Before the Pulaski County Circuit Court, the case was decided on competing motions for summary judgment. The hospitals appealed, and the defendants'cross-appealed. The Arkansas Hospital Association' and the Arkansas Medical Society have filed amicus curiae briefs. We reverse the circuit court’s denial of the dé-fendants’ motion for summary judgment as to whether this case presents a justiciable controversy, and'we dismiss the direct appeal. The appellants, plaintiffs[1] below, are three Arkansas corporations that operate private hospitals in the state (the- Hospitals)», In June 2014, the Hospitals filed a complaint for declaratory judgment in the Pulaski County Circuit Court seeking a judgment declaring the RAct unconstitutional under the Arkansas and United States Constitutions.[1] The complaint named the following parties as defendants: the Attorney General[2] in his official capacity; the Arkansas Department of Health; and Nathaniel Smith, MD, MPH, Director. The. defendants answered, denying that they were proper parties to this action, denying that the Act is ■ unconstitutional, and pleading various affirmative defenses. Eventually, the parties filed competing motions for summary judgment. No hearing was held, and the circuit court entered two separate- orders on April 24, ;2015. The circuit court denied paragraph four of the defendants’ motion for summary judgment, which stated as follows: This Court should also enter summary judgment in favor of the state defendants because plaintiffs lack standing to file this declaratory judgment action. There is no justiciable controversy between plaintiffs and these state defendants, and plaintiffs’ declaratory judgment complaint is not ripe , for consideration. Without elaboration,, the circuit court ruled that the Act is not unconstitutional for the following reasons: the Act is not pre-empted by federal law; the Act does not unconstitutionally treat the Hospitals differently from other healthcare entities; the Act does not restrict the Hospitals’ right to retain the attorney of their choice; the Act does not unconstitutionally interfere with the exclusive jurisdiction of Arkansas courts to regulate the practice' of law; and the Act is not unconstitutionally vague and ambiguous. The Hospitals filed a timely notice of appeal; the defendants filed a timely notice of cross-appeal. la Cross-Appeal: Is this a proper ,. declaratory judgment • action? Peer review is a process for "monitoring quality and improving Care within a healthcare institution.' See Ark.Code Ann. § 20-9-1302(a)(l). It was addressed by Congress in 1986 with the passage of the Health Care Quality Improvement Act (HCQIA), codified at 42" U.S.C. §§ 11101 et seq. Generally speaking, HCQIA provides immunity from liability for civil damages for those who participate in a professional-review action and meet the standards set forth in HCQIA (regarding the purpose of the action, notice and hearing, and procedures). See 42 U.S.C. § 11111. In 2013, our General Assembly passed the Act, -codified at Ark.Code Ann. §§ 20-9-1301 to -1308. Arkansas Code Annotated section 20-9-1302 provides as follows: (a) The General Assembly finds that: (1) The peer review process is well established .as the most important and effective means of monitoring quality and improving care within an institution; (2)(A). Peer review is essential to preserving the highest standards of medica,! practice. (B) However, peer review that is not conducted fairly results in harm to both patients and. physicians' by limiting access to care and patient choice; and (3)It - is necessary to balance carefully the rights of patients who benefit ‘by peer review with the rights of those who may be harmed by improper peer review. (b) The General Assembly intends that peer reyiew be conducted fairly for the benefit of the citizens of the State of Arkansas., The Act provides that “[professional review activity shall be conducted and professional review actions shall be taken in compliance with the requirements of the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 et seq., and the additional requirements of [the Act].” Ark. Code Ann, § 20-9-1304(a). . The defendants/cross-appellants argue that they are improper parties to this suit and that the Hospitals do not have standing to obtain declaratory relief. With regard to obtaining declaratory relief, the defendants argue that there is no justicia-ble controversy, there is no Uactual controversy between adverse parties, and the issues are not ripe. Because the arguments, under these two points overlap, we address them together. Our declaratory-judgment statute provides that <£[a]ny person ... whose rights, status, or other, legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder.” Ark. Code Ann. § 16-111-104 (Repl. 2006). While this section recognizes a party’s right to a declaratory judgment, a justicia-ble controversy is required. McGhee v. Arkansas State Bd. of Collection Agencies, 375 Ark. 52, 57-58, 289 S.W.3d 18, 23 (2008). Declaratory, relief will lie where: (1) there is a justiciable controversy; (2) it exists between parties with adverse interests; (3) those seeking relief have a legal interest in the. .controversy; and (4) the issues involved are ripe for decision. Id. On appeal; the question of whether there was a complete absence of a justiciable issue shall be reviewed de novo on the record of the circuit court. Id. ■ Here, the defendants argue that there is no justiciable controversy because there is no present danger or dilemma, citing the Hospitals’ references throughout their brief to hypothetical future events. Indeed, the Hospitals do not state that they are violating the Act, and they have not alleged a threat of imminent enforcement under the Act. A declaratory judgment “does not undertake to decide the legal effect of laws upon a state of facts which is future, contingent or uncertain.” McLane S., Inc. v. Arkansas Tobacco Control Bd., 2010 Ark. 498, at 28-29, 375 S.W.3d 628, 647. Similarly, we have stated that [t]he Declaratory Judgment Statute is applicable only where there is a present actual controversy,, and all interested persons are made parties, and only where justiciable issues are presented. It does not undertake to decide the legal effect of laws upon a state of facts which is future, contingent or uncertain. \a McCutchen v. City of Fort Smith, 2012 Ark. 452, at 15, 425 S.W.3d 671, 681 (quoting Cummings v. City of Fayetteville, 294 Ark. 151, 154-55, 741 S.W.2d 638, 639-40 (1987)). Here, the Hospitals argue that the Act imposes a present and ongoing injury to them in that it creates new standards with which they must comply during the peer-review process. We disagree that a justiciable controversy has been presented for our review. See Jegley v. Picado, 349 Ark. 600, 622, 80 S.W.3d 332, 343 (2002) (finding a justiciable controversy regarding constitutionality of the sodomy statute where the plaintiffs admitted to violating the statute and the actions of state prosecutors in declining to prosecute “could effectively, bar shut the courthouse doors and protect the sodomy statute from constitutional challenge”). After carefully considering the parties’ arguments on this point,, we conclude that the requirement of a justiciable controversy is not present in this case. In sum, appellants ask this court to determine whether the Act, which presents an entire statutory scheme; is unconstitutional without any present controversy to examine. The only evidence before the circuit court on the cross-motions for summary judgment was an affidavit of the Director of the Department of Health and a portion of the Hospitals’ responses to appellees’ first set of requests for admissions. Without a sufficient factual record to show an actual, present controversy, this court cannot opine on the merits of the constitutional arguments raised in the Hospitals’ declaratory-judgment suit. Because a justiciable controversy is a necessary element of a declaratory-judgment suit and that element is lacking in this case, it is unnecessary to address the other requirements for obtaining declaratory relief. Similarly, we do not reach the issues presented on direct appeal. ■ ■ Reversed on cross-appeal; direct appeal dismissed. Danielson and Wood, JJ., dissent. . Alternatively, appellants sought a declaration regarding, the proper, construction, of the Act; however, the circuit court did not rule on this claim and appellants expressly abandoned any pending but unresolved claims in their notice of appeal. See Ark. R.- App. P.-Civ. 3(e)(vi) (2015). . ; . During this case, Attorney General Dustin McDaniel was replaced by'bur current attorney general, Leslie Rutledge.