Cite as 2019 Ark. App. 487

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-19-91

| | |
|---|---|
| ROBERT T. WILLIAMS, OWEN HONEYSUCKLE, ROSE WHITE, WAYNE NUNNERLY, LELA BURNS, AND BARBARA MITCHELL HICKS | Opinion Delivered: October 23, 2019 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CV-14-4864] |
| V. | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| CITY OF SHERWOOD, ARKANSAS; AND CHARLES HARMON, KENNETH KEPLINGER, KEVIN LILLY, MARINA BROOKS, MARY JO HEYE, MIKE SANDERS, TIM MCMINN, AND TONI BUTLER, IN THEIR OFFICIAL CAPACITIES AS ALDERMEN OF THE CITY OF SHERWOOD, ARKANSAS | |
| APPELLEES | AFFIRMED |

**WAYMOND M. BROWN, Judge**

This case is the latest in a series of challenges to issues addressed in and related to the Pulaski County Circuit Court's order entered in October 2005 in which Central Arkansas Water ("CAW") was appointed as receiver for Brushy Island Public Water Authority. In the instant appeal, appellants argue that the circuit court erred in denying their petition for declaratory judgment and granting summary judgment in favor of appellees City of Sherwood et al. Finding no justiciable controversy, we affirm.

The Brushy Island community was annexed into the City of Sherwood as a result of the 1974 and 1982 general elections. Water service was provided to Brushy Island residents exclusively from the Brushy Island Water Association, Inc., a nonprofit corporation. On July 15, 2003, during an annual membership meeting, Brushy Island Water Association, Inc. was converted to a public water authority known as Brushy Island Public Water Authority ("Authority") pursuant to and in accordance with Arkansas Code Annotated section 4-35-202 (Supp. 2003). Some residents of the Brushy Island community challenged the conversion vote; however, on October 18, 2005, the Pulaski County Circuit Court entered an order denying the challenge, granting the Authority's motion for appointment of a receiver, and appointing CAW as receiver for the Authority.[1]

Based on evidence indicating the state of disrepair of the Authority's water-system facilities, CAW was ordered to, within six months of the date of the order, contract for and begin construction on the improvements necessary to bring the system up to the standards of other water systems operated by CAW. Specifically, CAW was ordered to install improvements, detailed in the order as follows:

> The Improvements consist of the installation of approximately 4400 Linear Feet (LF) of 24-inch Ductile Iron (DI) pipe, 4900 LF of 12-inch DI pipe, 4900 LF of 8-inch DI pipe, 4300 LF of 3–inch PVC pipe, and 5900 LF of 2-inch PVC pipe and appurtenances. The Improvements will also include the installation of 10 new Fire Hydrants, 320 new service meters and Pressure Regulators, as well as repair and/or replacement of existing service lines as required.

---

[1]The circuit court's October 18, 2005 order was affirmed in *Williams v. Brushy Island Public Water Authority*, 368 Ark. 219, 243 S.W.3d 903 (2006). A second challenge to the validity of the conversion vote was affirmed in *Davis v. Brushy Island Public Water Authority of State*, 375 Ark. 249, 290 S.W.3d 16 (2008).

Additionally, financing for the improvements to the water system was addressed in the order as follows:

37.     CAW has estimated that the costs for construction and completion of the Improvements will be approximately $1,949,100 (the "Project Costs").

38.     CAW shall contribute approximately $165,690 toward payment of the Project Costs.

39.     The City of Jacksonville, Arkansas has agreed to pay CAW, for the use and benefit of Brushy Island, the sum of approximately $554,703 as a contribution toward payment of the Project Costs.

40.     The City of Sherwood, Arkansas has agreed to pay CAW, for the use and benefit of Brushy Island, the sum of $170,000 as a contribution toward payment of the Project Costs.

41.     Brushy Island is currently indebted to Arkansas Natural Resources Commission in the approximate amount of $100,000 (the "Old Debt"). Arkansas Natural Resources Commission shall forgive all late fees and other default charges due on the Old Debt and refinance the outstanding amount of the Old Debt in the new financing as provided in paragraph 42 hereof.

42.     Within sixty (60) days of the date of this Order, Arkansas Natural Resources Commission shall enter into an agreement with CAW, as receiver for Brushy Island, to loan Brushy Island the remaining balance of the Project Costs, including any costs overruns, and the refinancing of the Old Debt, after crediting the contributions referred to in paragraphs 38, 39 and 40 hereof, provided such amount does not exceed $1,353,600 (the "New Debt"), in accordance with the terms set forth on the term sheet attached hereto as Exhibit "C" and such other terms and conditions as are usual and customary in Arkansas Natural Resources Commission financings, provided such terms and conditions are acceptable to CAW, as receiver, and not contrary to any terms or conditions of this Order.

43.     Brushy Island, not CAW, shall be solely responsible for repayment of the New Debt.

44.     CAW, as receiver for Brushy Island, is hereby empowered to execute all documents on behalf of Brushy Island and enter into the necessary agreements for the borrowing of the New Debt.

3

45. In addition, CAW, as receiver for Brushy Island, is at liberty and is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $250,000 (or such greater amount as this Court may by further order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose if funding the exercise of the powers and duties conferred upon CAW by this order, including interim expenditures.

On December 30, 2014, appellants—residents of the Brushy Island section of the City of Sherwood—filed a petition for declaratory judgment against CAW and the City of Sherwood, stating in part:

10. On February 24, 2003, City's then serving alderman approved Resolution No. 3–2003 (a copy of which is attached hereto as Exhibit F and incorporated by reference), which obligated the City to pay CAW the approximate sum of $170,373.00 for the City's share of the costs of fire protection improvements to the BIWA. Prior to the vote on said Resolution, then City Mayor Bill Harmon spoke in favor of the Resolution as follows: "Central Arkansas Water Systems has agreed to help pay for a 24 [inch] water main which would benefit Jacksonville and Sherwood. This will allow for the entire City [of Sherwood] to have ample pressure throughout the City with the exception of the Sylvan Hills School area." (Minutes of said February 24, 2003 meeting are attached hereto as Exhibit G and incorporated by reference.) Ultimately, the City paid $170,000.00 to CAW as its share of the project per the receipt attached hereto as Exhibit H and incorporated by reference.

11. CAW, as Receiver for the Authority, entered into a contract for the installation of the 24–inch water Transmission main and other work (the "Project"), about three-fourths of which is located in the City, the other one-fourth located in Pulaski County. The total cost of the project was $2,243,993.00, paid as follows: $1,353, 600.00 paid by the Authority water users (this includes the satisfaction of the Authority's then outstanding bonded indebtedness of $122,000.00); $165,690.39 paid by CAW; $170,000.00 paid by the City and, $554,702.61 paid by the Jacksonville Water Works, per Exhibit J attached hereto and incorporated by reference. The $1,353,600.00 final cost of the Project allocated to Authority water users is payable in monthly installments for a period of 30 years at the rates set forth in said Exhibit J.

4

12. The Project improved the City's ISO (Insurance Services Office, Inc.) rating. Effective December 1, 2000, the City achieved a public protection Class Four (4) rating, per the September 15, 2000 ISO letter attached hereto as Exhibit K and incorporated by reference. Effective July 1, 2005, the City achieved a public protection Class 3/9 rating, per the March 31, 2005 ISO letter attached hereto as Exhibit L and incorporated by reference. Effective June 1, 2007, after the completion of the Project, the City achieved a public protection Class 2/9 rating, per the March 19, 2007 letter attached hereto as Exhibit M and incorporated by reference.

13. The City is charging CAW a franchise fee based on CAW's gross revenues from its operation, maintenance and extension of water service to the City pursuant to Ordinance No. 1978, an unexecuted copy of which is attached hereto as Exhibit N and incorporated by reference.

WHEREFORE, Petitioners, Robert T. Williams, Owen Honeysuckle, Rose White, Wayne Nunnerly, Lela Burns and Barbara Mitchell pray judgment against Respondents City of Sherwood and Central Arkansas Water declaring their rights, status and other legal relations affected by City Resolution No. 3-2003 and City Ordinance No. 1978 as follows:

A. The City of Sherwood has delegated to Central Arkansas Water the right and duty to provide water service to all residents of the City of Sherwood;

B. Petitioners and all other water users in the Brushy Island Public Water Authority are receiving no greater benefit from the 24-inch water Transmission main and other work than the other residents of the City of Sherwood who are not paying a monthly assessment fee for that project;

C. Those City of Sherwood residents who are not members of the Brushy Island Public Water Authority are receiving a benefit by way of the Class 2/9 ISO rating for which they are making no monthly payment for the 24-inch water Transmission main and other work; and,

D. Petitioners are entitled to all other legal, equitable and proper relief.

The City of Sherwood and CAW separately filed timely answers. CAW then filed a motion for summary judgment and brief in support arguing that CAW was entitled to judgment as matter of law for three reasons: (1) the petition failed to raise a justiciable

5

controversy; (2) any justiciable issue was barred by the claim-preclusion facet of res judicata; and (3) the claims were barred because petitioners did not seek leave from the Third Division of the Pulaski County Circuit Court prior to filing the petition, which was in violation of the receivership order. The City of Sherwood moved to adopt CAW's summary-judgment motion and brief; however, no order was entered. Just before the hearing on the summary-judgment motion, appellants filed a motion to dismiss CAW pursuant to Rule 41(a)(1) of the Arkansas Rules of Civil Procedure; the circuit court granted the motion and entered an order dismissing CAW. However, at the hearing, the City of Sherwood orally moved to adopt all arguments made by CAW in its motion for summary judgment and brief in support. The circuit court granted the City of Sherwood's motion to adopt and the hearing on the City of Sherwood's motion for summary judgment was held.

On September 13, 2018, the circuit court entered an order finding that

[a]fter a review of all pleadings, I grant the Motion for Summary Judgment. Sherwood simply has no relief to offer the Petitioners. This case is guided by the 2005 order of receivership. There being no justiciable controversy, nor any relief that Sherwood could offer, I have no option but to grant the Motion. Because I have granted the Motion for Summary Judgment, the Petition for Declaratory Judgment is denied.

Appellants filed a motion for new trial on September 19, 2018. Following the deemed denial of the motion for new trial, appellants now timely bring this appeal.

On appeal, appellants argue that in denying their declaratory-judgment petition and granting the City of Sherwood's motion for summary judgment, the circuit court erred in finding (1) no justiciable controversy; (2) the City of Sherwood could provide no relief; and

6

(3) the case is guided by the 2005 receivership order, i.e., claims are barred by the claim-preclusion facet of res judicata.

The purpose of the declaratory judgment statute is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations."[2] Declaratory relief will lie when (1) there is a justiciable controversy; (2) it exists between parties with adverse interests; (3) those seeking relief have a legal interest in the controversy; and (4) the issues involved are ripe for decision.[3] Our declaratory-judgment act was not intended to allow any question to be presented by any person; the matters must first be justiciable.[4] To satisfy the first requirement and to show the existence of a justiciable controversy, the complaint must show a reason to answer the question posed.[5] On appeal, the question of whether there was an absence of a justiciable issue shall be reviewed de novo on the record of the circuit court.[6]

Appellants argue that there is some uncertainty regarding City Resolution No. 3–2003 and whether the $170,373 it authorized the mayor of the City of Sherwood to contribute toward the improvements of the Brushy Island water system was to be applied

---

[2]Ark. Code Ann. § 16-111-102(a) (Repl. 2006).

[3]*Baptist Health Sys. v. Rutledge*, 2016 Ark. 121, 488 S.W.3d 507.

[4]*Lewis v. Hobbs*, 2014 Ark. 407, 443 S.W.3d 530.

[5]*Andres v. First Ark. Dev. Fin. Corp.*, 230 Ark. 594, 324 S.W.2d 97 (1959).

[6]*Baptist Health Sys.*, s*upra*.

to the Authority's $1,219,002.15 share of the cost of the project.[7]  Appellants further contend there are uncertainties as to whether the appellants are "paying more than their fair share in terms of the value they received compared to the value received by all other residents (non-Authority members) of Sherwood, who are making no payment toward satisfaction of the $1,219,002.15 bonded indebtedness."  Appellants argue that due to the uncertainties, the circuit court erred in finding there is no justiciable controversy.

Specifically, appellants urge that the justiciable controversy presented in the petition for declaratory judgment to the circuit court was "the issue of the allocation of the cost of the Project . . . ." However, the allocation of the cost of the project was sufficiently detailed in the receivership order entered by the circuit court in October 2005 and affirmed in *Williams*.[8]  Appellants' contention that there are "uncertainties" regarding funding of the project is not supported by the evidence.  Instead, we find that appellants' argument that the City of Sherwood is unfairly benefiting from the project is an attempt to in some way modify the financing and contribution arrangements outlined in the receivership order, which we decline to do.

Additionally, the uncertainties of which appellants complain are related to the financing of the project as outlined in the receivership order.  Because the City of Sherwood has no control over the receivership or the handling or financing of the projects undertaken pursuant to its authority, any declaration of "fairness" will have no effect as the City of

---

[7]Appellants make the same argument with respect to the contributions made by the City of Jacksonville; however, the City of Jacksonville is not a party to this action.

[8]*Supra.*

8

Sherwood is not in a position to provide relief, nor have appellants asserted that the City of Sherwood can provide any relief. Appellants have shown no reason to answer any question posed in its petition for declaratory judgment. Therefore, we affirm the circuit court's denial of appellant's petition for declaratory judgment finding that no justiciable controversy exists.

Because we find no justiciable controversy exists, we need not address appellants' remaining arguments on appeal.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*James F. Lane, P.A.*, by: *James F. Lane*, for appellants.

*Stephen Cobb*, Sherwood City Attorney, for appellee.