Cite as 2025 Ark. 76

# SUPREME COURT OF ARKANSAS

**No.** CV-24-437

| | |
|---|---|
| ANTHONY WILLIAMSON<br><br>APPELLANT<br><br><br>V.<br><br><br>DANIEL SHUE, PROSECUTING ATTORNEY, SEBASTIAN COUNTY, ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 22, 2025<br><br>PRO SE APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCV-24-456]<br><br>HONORABLE GREG MAGNESS, JUDGE<br><br>AFFIRMED. |

**KAREN R. BAKER, Chief Justice**

Appellant Anthony Williamson appeals from the denial of his motion for reconsideration of the circuit court's order that dismissed Williamson's pro se petition for declaratory judgment and writ of mandamus. Williamson argued in his petition that the Sebastian County prosecuting attorney should be compelled to produce evidence gathered in the investigation conducted during Williamson's criminal proceedings. Williamson further alleged that he was entitled to the documents free of charge. The circuit court denied the petition, explaining that Williamson was attempting to circumvent Arkansas Code Annotated section 25-19-105(a)(1)(B)(1) of the Arkansas Freedom of Information Act (FOIA), codified at Arkansas Code Annotated sections 25-19-101 through -112 (Repl. 2024), which excludes incarcerated persons from accessing public records. Williamson filed a motion for reconsideration, which was denied by the circuit court in June 2024. Williamson timely appealed the latter order. We affirm.

In 2009, a jury found Williamson guilty of aggravated robbery and kidnapping, and he was sentenced to an aggregate term of 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Williamson v. State*, 2010 Ark. App. 595. Williamson subsequently filed multiple petitions for postconviction relief that were denied. *Williamson v. State*, 2020 Ark. 319, 608 S.W.3d 149 (second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis denied); *Williamson v. State*, 2015 Ark. 373, 471 S.W.3d 633 (per curiam) (first pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis denied).

Declaratory relief may be granted if the petitioner establishes that (1) there is a justiciable controversy; (2) the controversy is between persons whose interests are adverse; (3) the party seeking relief has a legal interest in the controversy; and (4) the issue involved in the controversy is ripe for judicial determination. *Berger v. Bryant*, 2020 Ark. 157, 598 S.W.3d 36. A controversy is justiciable when a claim of right is asserted against one who has an interest in contesting it. *Id*. A legal interest in the controversy means that the party seeking declaratory relief must have a legally protectable interest. *Sims v. Payne*, 2023 Ark. 187, 678 S.W.3d 766. If a petitioner has failed to establish a right to declaratory judgment, there is no basis for the issuance of a writ of mandamus. *Id*.

When a declaratory action is dismissed for failure to state a claim, the standard of review is whether the circuit court abused its discretion. *Schuldheisz v. Felts*, 2024 Ark. 137, 696 S.W.3d 817. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id*. Likewise, the standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Id*.

2

Here, Williamson is not entitled to access records maintained by the prosecuting attorney through an action for declaratory judgment because such access is expressly prohibited by section 25-19-105(a)(B)(i) of the FOIA, which states in pertinent part that access to inspect and copy public records shall be denied to a person who has been found guilty of a felony and is incarcerated in a correctional facility.[1] An inmate who is precluded from accessing public records under the FOIA does not have a legally protectable right as a basis for his petition for declaratory judgment, and there is no justiciable controversy. *See Berger*, 2020 Ark. 157, 598 S.W.3d 36. Because there is no legally protectable interest necessary to establish entitlement to declaratory relief, Williamson is not entitled to the issuance of a writ of mandamus. *Id.* The circuit court did not abuse its discretion by denying the motion for reconsideration of its dismissal of Williamson's petition for declaratory and mandamus relief.

Affirmed.

WOMACK, J., concurs.

---

[1] Williamson argues that Arkansas Rules of Criminal Procedure 17.1 and 19.2 create a legal right to his request for records. He is mistaken. It is well settled that the purpose of the discovery rules in criminal matters is to require the State to disclose its evidence to the defendant in time for the defendant to make beneficial use of the information during trial. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55. Williamson has not provided authority for the proposition that criminal discovery rules are applicable to his demand for records in a civil proceeding.

**SHAWN A. WOMACK, Justice, concurring.** The circuit court was right to dismiss Williamson's petition for a declaratory judgment and writ of mandamus against Daniel Shue, a state official.  But the circuit court should have dismissed Williamson's lawsuit because sovereign immunity bars it.[1]  Williamson has not demonstrated that there is "an express constitutional provision . . . contrary" to article 5, section 20 of the Arkansas Constitution that would give the circuit court jurisdiction to consider his claims on the merits.[2]

For this reason, I respectfully concur.

*Anthony B. Williamson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.

---

[1]*Perry v. Payne*, 2022 Ark. 112, at 5–6 (Womack, J., dissenting); *Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2]*League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d at 327 (Womack, J., dissenting).