Cite as 2026 Ark. 46

# SUPREME COURT OF ARKANSAS

**No.** CV–24–800

| | |
|---|---|
| RUSSELL ALEXANDER GEASLIN<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION; JOHN FELTS, CHAIRMAN, ARKANSAS POST-PRISON TRANSFER BOARD; BRANDY GRAHAM, PAROLE SUPERVISOR; AND KATHY SMITH, SEX OFFENDER SUPERVISION COORDINATOR<br><br>APPELLEE | **Opinion Delivered:** March 5, 2026<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-24-258]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**NICHOLAS J. BRONNI, Associate Justice**

Russell Geaslin is a convicted sex offender, and this case concerns his latest failure to comply with Arkansas's sex-offender registration requirements. In 2008, Geaslin was convicted of second-degree sexual assault. He was later released. As a convicted sex offender, Geaslin is required to register his residential address and report any address changes. *See* Ark. Code Ann. § 12-12-904(a) (Supp. 2025). Geaslin failed to do so, and in 2019, he was convicted of both failing to report an address change and fleeing from law enforcement.[1]

---

[1]*See State v. Geaslin*, 43CR-19-515 (fleeing); *State v. Geaslin*, 43CR-19-488 (failure to report).

He was paroled for those offenses in 2022. Following his release, Geaslin changed residences, moving in with a woman who supervised her young granddaughter. He failed to report that change, and his parole was revoked.

In addition to having his parole revoked, Geaslin was convicted of failing to properly update his address after his 2022 parole. Seeking mandamus, declaratory, and injunctive relief, he challenges that subsequent conviction on statutory and constitutional grounds, broadly arguing that revoking his parole and imposing a new sanction for failing to update his address amounts to a new sanction for the same offense and violates double-jeopardy protections.[2] His claims are legal, which we review de novo. *See Standridge v. Fort Smith Public Schools*, 2025 Ark. 42, at 3, 708 S.W.3d 773, 777.

Geaslin has not been convicted or punished twice for the same conduct. Instead, he has been convicted of violating the same provision more than once on separate occasions. First, in 2019, Geaslin was convicted of failing to properly update his address and fleeing from law enforcement, and he was sentenced for those offenses. He was later paroled but was returned to prison—to continue serving his 2019 sentence—when he violated the terms of his parole by failing to report his address change. *See United States v. Haymond*, 588 U.S. 634 (2019); *Johnson v. United States*, 529 U.S. 694 (2000); *Middendorf v. Henry*, 425 U.S. 25 (1976); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Morrissey v. Brewer*, 408 U.S. 471 (1972). Second, in addition to being a parole violation, Geaslin's latest failure to update his address was also a new crime, and the State was entitled to prosecute him for that new offense. To

---

[2]We decline to recharacterize Geaslin's filings to creatively find procedural deficiencies.

be sure, the charge was the same as that in 2019—failure to report an address change—but it was for a new failure to update his address, not his 2019 failure. And as such, his prosecution and conviction did not violate either double jeopardy or the relevant statutory framework.

Affirmed.

BAKER, C.J., HUDSON and WEBB, JJ., concur.

WOMACK, J., dissents.


**COURTNEY RAE HUDSON, Justice, concurring.** I write separately to explain this case's relevant underlying procedural history, as well as why I would dispose of the appeal using a different analysis. Geaslin appeals from the denial and dismissal of his petition for writ of mandamus, declaratory judgment, and injunctive relief in which he challenged his conviction and sentence for failure to comply with reporting requirements for sex offenders under Arkansas Code Annotated section 12-12-904(a)(1)(A) (Supp. 2021). Because he failed to timely file his petition for postconviction relief and is not entitled to relief, I would affirm.

The record reveals that Geaslin, a Level 3 sex offender, was released on parole in August 2022, and in November 2022, his parole officer discovered that Geaslin had changed his address without notifying authorities as required by section 12-12-904 and that he was living with a woman who was supervising her grandchild. As a result of this parole violation and others, Geaslin signed an agreement in February 2023 to waive a revocation hearing. The revocation-hearing waiver stated that Geaslin would be placed in the custody of "the Arkansas Division of Correction-Suspended (Reinstatement option at 90 days if eligible and

3

subject to good behavior and an approved parole plan)" and further provided that his eligibility for release would be considered again in August 2023.

In case number 43CR-23-242, Geaslin subsequently pleaded guilty in the Lonoke County Circuit Court for failure to comply with registration and reporting requirements for sex offenders, a Class C felony under Arkansas Code Annotated section 12-12-904. The resulting sentencing order reflects that Geaslin was represented by an attorney when he entered into the plea agreement. Geaslin was sentenced, as a habitual offender, to forty-eight months' imprisonment followed by twelve months' suspended imposition of sentence. This sentencing order was entered in June 2023 and was not appealed.

In the petition filed in circuit court and in his arguments on appeal, Geaslin primarily maintains that the ninety-day "jail sanction" under the revocation–hearing waiver was a final order that superseded the subsequent sentencing order and that appellees acted without authority by failing to release him on parole after ninety days in compliance with his agreement to waive a revocation hearing. Geaslin contends that the subsequent sentencing order violated res judicata, double jeopardy, and Arkansas Code Annotated section 5-1-113 (Repl. 2006), which precludes subsequent prosecution for a different offense and is available only when the offense should have been included in the first prosecution or when the offense is based on the same conduct. *See Dilday v. State*, 369 Ark. 1, 250 S.W.3d 217 (2007). Geaslin raised no such objections when he agreed to plead guilty to the underlying offense related to his parole violation.

When a declaratory action is dismissed for failure to state a claim, the standard of review is whether the circuit court abused its discretion. *Williamson v. Shue*, 2025 Ark. 76.

4

An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id.* Likewise, the standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Id.*

This court treats declaratory-judgment proceedings as justiciable applications for postconviction relief when a prisoner seeks relief from the conditions of his incarceration––including regulations for parole. *See Brown v. State*, 2017 Ark. 232, 522 S.W.3d 791. That is not the case here. Instead, Geaslin's arguments are a collateral attack on his June 2023 judgment of conviction, which he seeks to set aside.

It is well settled that a petition for postconviction relief attacking a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to Arkansas Rule of Criminal Procedure 37.1. *Neely v. McCastlain*, 2009 Ark. 189, 306 S.W.3d 424. Furthermore, allegations that are a collateral attack on a judgment of conviction are governed by the time limitations set forth in Arkansas Rule of Criminal Procedure 37.2. *See Gonder v. State*, 2024 Ark. 63, 686 S.W.3d 786. Under Rule 37.2(c), Geaslin had ninety days to file his petition challenging his June 2023 conviction. His petition was filed in April 2024 and was therefore untimely, and Geaslin did not raise a justiciable controversy that would entitle him to postconviction declaratory relief. Because Geaslin failed to establish that he is entitled to declaratory relief, it naturally follows that he is not entitled to mandamus or injunctive relief. *E.g.*, *id.* at 5, 686 S.W.3d at 789 ("A writ of mandamus is a discretionary remedy that will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy available."). Accordingly, the circuit court did not abuse its discretion when it denied and dismissed Geaslin's petition.

5

I respectfully concur.

BAKER, C.J., and WEBB, J., join.

**SHAWN A. WOMACK, Justice, dissenting.** Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Here, Geaslin improperly made the State a defendant when he petitioned for mandamus and declaratory relief in a new civil action below, 35CV-24-258.[3] Instead, he should have petitioned in his related, underlying criminal case. Accordingly, this court, like the circuit court below, lacks jurisdiction. For these reasons, the circuit court's order must be reversed and the case dismissed.

*Russell Alexander Geaslin*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Andrew Middlebrooks*, Sr. Ass't Atty. Gen., for appellee.

---

[1]*See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2]*Id.*

[3]*See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).

6