Cite as 2026 Ark. 74

# SUPREME COURT OF ARKANSAS

No. CV–25–549

DUANE GONDER

APPELLANT

V.

TIM GRIFFIN, ARKANSAS
ATTORNEY GENERAL

APPELLEE

Opinion Delivered:  April 23, 2026

PRO SE APPEAL FROM THE
PULASKI COUNTY CIRCUIT
COURT, THIRD DIVISION;
MOTION FOR DECISION ON
APPELLANT'S BRIEF ALONE
[NO. 60CV-24-5377]

HONORABLE CATHLEEN V.
COMPTON, JUDGE

AFFIRMED; MOTION MOOT.

**COURTNEY RAE HUDSON, Associate Justice**

Duane Gonder appeals from the dismissal without prejudice of his petition for

declaratory and injunctive relief filed against Arkansas Attorney General Tim Griffin. In the

circuit court, Gonder alleged that Arkansas Code Annotated section 15-54-119(a) (Supp.

2009) is unconstitutional as applied to him and his fellow inmates. The circuit court granted

the appellee's motion to dismiss, finding that Gonder lacked standing and had failed to raise

a justiciable controversy; the circuit court imposed a strike. Also pending before this court

is Gonder's motion for a decision based on his brief alone.[1] We affirm, which renders

Gonder's motion moot.

---

[1]In the motion, Gonder alleged that appellee had failed to file a timely responsive
brief, and therefore, the appellee's brief should be excluded from consideration. However,
appellee was granted an extension and the response brief was timely.

In a 2010 negotiated plea, Gonder pleaded guilty to first-degree murder, aggravated assault, and attempting to furnish a prohibited article in a correctional facility;[2] he was sentenced to an aggregate term of 552 months' imprisonment. *Gonder v. State*, 2022 Ark. 67, 641 S.W.3d 626. On appeal, Gonder contends, as he did in the circuit court, that section 5-54-119(a) is unconstitutional as applied to him and other inmates who are incarcerated and never leave the prison unit. According to Gonder, the statutory provision criminalizing the introduction of prohibited articles in a correctional facility violates due process and equal protection as applied to him and inmates like himself.[3] Gonder asserts that because the court of appeals in *Laster v. State*, 76 Ark. App. 324, 64 S.W.3d 800 (2002), interpreted "introduction" to mean bringing in prohibited articles from outside a prison facility, the statute is unconstitutional as applied to inmates who never leave the prison facility.[4] Gonder argues that he has standing to assert this constitutional claim because he and other inmates

_____

[2]Arkansas Code Annotated section 5-54-119(a) provides:

(a)     A person commits the offense of furnishing a prohibited article if he or she knowingly:
(1)     Introduces a prohibited article into a correctional facility, the Arkansas State Hospital, or a youth services program; or
(2)     Provides a person confined in a correctional facility, the Arkansas State Hospital, or a youth services program with a prohibited article.

[3]In his supplemental motion for declaratory judgment and injunctive relief, Gonder argued that section 5-54-119 is also unconstitutionally vague.

[4]When Gonder pleaded guilty to attempting to commit the crime set forth in section 5-54-119(a) in 2010, *Laster* had already been decided. Gonder failed to raise the issue addressed in *Laster* before his plea but instead relies on that decision to challenge the statute's constitutionality sixteen years after his plea hearing.

face the threat of prosecution if found in possession of prohibited articles that could not have been introduced into the prison unit by inmates who never leave the premises.

When a declaratory action is dismissed for failure to state a claim, the standard of review is whether the circuit court abused its discretion. *Schuldheisz v. Felts*, 2024 Ark. 137, 696 S.W.3d 817. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id*. In testing the sufficiency of a petition for declaratory relief, all reasonable inferences must be resolved in favor of the petition, and the pleadings are to be liberally construed. *Id*. However, our procedural rules require fact pleading, and a complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Id*. We treat only the facts alleged in the complaint as true—not theories, speculation, or statutory interpretation. *Id*. Finally, the question of standing is a matter of law for this court to decide, and this court reviews questions of law de novo. *Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, 676 S.W.3d 368. Likewise, the question whether there was a complete absence of a justiciable issue shall be reviewed de novo on the record of the circuit court. *Baptist Health Sys. v. Rutledge*, 2016 Ark. 121, 488 S.W.3d 507.

In addition, we note the standards applicable to a constitutional challenge of a statute. Statutes are presumed to be constitutional, and all doubts are resolved in favor of constitutionality. *Blackburn v. Lonoke Cnty. Bd. of Election Comm'rs*, 2022 Ark. 176, 652 S.W.3d 574. The party challenging a statute's constitutionality has the heavy burden of proving that it is unconstitutional. *Id*. For a litigant to have standing to challenge the constitutionality of a law, it must be unconstitutional as applied to him or her. *Toland v.*

*Robinson*, 2019 Ark. 368, 590 S.W.3d 146. Constitutional rights are personal rights and may not be raised by a third party. *Id.* Appellants may not raise vague, speculative, and hypothetical allegations regarding how their constitutional rights have been violated but rather must plead facts sufficient to establish an actual, present controversy. *See Palade v. Bd. of Trs. of Univ. of Ark. Sys.*, 2022 Ark. 119, 645 S.W.3d 1.

Here, Gonder lacks standing to assert a constitutional claim under section 5-54-119(a). Taking into consideration the particular facts of his case, Gonder does not assert that he personally suffered a present injury but instead speculates that he could be prosecuted under section 5-54-119(a). Furthermore, as stated above, constitutional rights are personal and cannot be raised by third parties. *Toland*, 2019 Ark. 368, 590 S.W.3d 146. Gonder's hypothetical allegation of a future prosecution does not show that he presently suffers an injury from the application of an unconstitutional statute. *See Palade*, 2022 Ark. 119, 645 S.W.3d 1. Gonder states that he and other prisoners face an ongoing threat of prosecution for furnishing prohibited articles because they will possess a prohibited article during their incarceration, and he insists that this fact presently renders him in danger of prosecution under section 5-54-119(a). However, Gonder overlooks section 5-54-119(c)(1), which prohibits possession of prohibited articles and might present a current danger of prosecution. Gonder's action is based on the hypothetical scenario of being charged and convicted under section 5-54-119(a), but such hypotheticals do not rise to the level of injury or prejudice. *Medlock v. Fort Smith Serv. Fin. Corp.*, 304 Ark. 652, 654, 803 S.W.2d 930, 931 (1991) (stating the general rule that one must have suffered injury or belong to a class that is

4

prejudiced in order to have standing to challenge the validity of a law). In sum, Gonder has failed to state sufficient facts that he has standing to bring a constitutional claim.

Next, we turn to a related issue—whether the circuit court erred in finding that Gonder failed to allege a justiciable controversy. Declaratory relief may be granted if the petitioner establishes that (1) there is a justiciable controversy; (2) the controversy is between persons whose interests are adverse; (3) the party seeking relief has a legal interest in the controversy; and (4) the issue involved in the controversy is ripe for judicial determination. *Howerton v. McCastlain*, 2025 Ark. 144. A case is nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* A controversy is justiciable when a claim of right is asserted against one who has an interest in contesting it. *Williamson v. Shue*, 2025 Ark. 76. A legal interest in the controversy means that the party seeking declaratory relief must have a legally protectable interest. *Id.* Gonder's reliance on *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002), is misplaced. In that case, this court found a justiciable controversy in the constitutional challenge to a criminal sodomy statute based on the plaintiffs' claim of present and ongoing engagement in conduct prohibited by the statute and the State's refusal to disavow enforcement of it. This court was concerned that to hold otherwise would mean that the discretionary acts of the State's prosecutors could effectively bar shut the courthouse doors and protect the sodomy statute from constitutional challenge. *Id.* at 622, 80 S.W.3d at 343. The present case is distinguishable because Gonder has not shown any present harm. He alleges that he and others have possessed prohibited articles, and he hypothesizes that he and others will be wrongfully prosecuted under the "furnishing" section instead of another, more applicable offense under

5

section 5-54-119. This is entirely speculative. We hold that Gonder has failed to present a justiciable controversy, and the circuit court did not err in dismissing his petition on that basis.

As set out above, Gonder has failed to state a claim upon which relief may be granted. Although the petitions were dismissed without prejudice, when an action has been dismissed without prejudice, a party may either appeal the dismissal or elect to plead further. *Griffin v. Ark. Bd. of Corr.*, 2025 Ark. 81, 711 S.W.3d 784. If the party chooses the former and the appeal is affirmed, then the dismissal without prejudice converts to a dismissal with prejudice. *Id.* Accordingly, Gonder's dismissal is now with prejudice. Finally, because Gonder failed to state a cause of action for declaratory and injunctive relief, the circuit court did not err when it imposed a strike. *See* Ark. Code Ann. § 16-68-607 (Repl. 2016).

Affirmed; motion moot.

WOMACK, J., concurs.


**SHAWN A. WOMACK, Justice, concurring.** Although the circuit court was correct to dismiss Gonder's lawsuit, it did so for the wrong reasons, and it improperly dismissed the claims without prejudice. First, instead of dismissing Gonder's lawsuit for lack of standing or failure to raise a justiciable controversy, the circuit court should have dismissed the case as barred by sovereign immunity.[1] Second, because sovereign immunity bars

---

[1]*Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting). Although Gonder has a stray reference to a Fourteenth Amendment claim, that argument is not developed. *Jones v. Pro. Background Screening Ass'n, Inc.*, 2020 Ark. 362, at 11, 610 S.W.3d 640, 646.

Gonder's lawsuit, the circuit court's order should have dismissed the case with prejudice.[2]

Nevertheless, because a dismissal without prejudice converts to a dismissal with prejudice when a party elects to appeal, I agree with the majority's decision to affirm.[3]

Therefore, I respectfully concur in the judgment.

*Duane Gonder*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Chelsea Harvey*, Ass't Att'y Gen., for appellee.

---

[2]*Griffin v. Ark. Bd. of Corrs.*, 2025 Ark. 81, at 11, 711 S.W.3d 784, 792 (Womack, J., dissenting).

[3]*Id.* at 5, 711 S.W.3d at 788.