Keith WIGGINS *v.* STATE of Arkansas

CR 89-76                                        771 S.W.2d 759

Supreme Court of Arkansas
Opinion delivered June 12, 1989

*Appellant,* pro se.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Keith O. Wiggins was found

guilty by a jury of burglary and attempted theft of property in 1986. He was sentenced to consecutive terms of fifteen and eight years. The Court of Appeals affirmed. *Wiggins* v. *State*, CACR 86-240 (June 3, 1987). He next filed in this court a petition to proceed pursuant to Criminal Procedure Rule 37, which was denied. *Wiggins* v. *State*, CR 88-67 (July 5, 1988). Appellant then filed the following pleadings in circuit court: (1) a petition to correct and reduce sentence (filed November 2, 1988); (2) a petition for writ of error coram nobis (filed November 2, 1988); (3) a petition for rehearing (filed February 9, 1989); and (4) a petition for writ of mandamus and declaratory judgment (filed March 17, 1989). In each of the petitions filed in circuit court, appellant sought to have his sentences for burglary and attempted theft of property ordered served consecutively to a sentence imposed in another case. All the petitions were denied, and on April 7, 1989, he filed a notice of appeal from the order which denied the petition for writ of mandamus and declaratory judgment.[1]

The record has now been lodged in the appeal of the order denying the petition for writ of mandamus and declaratory judgment, and appellant has filed a motion asking to be provided with a copy of the transcript on file with this court. The motion is denied and the appeal dismissed because it is clear that there is no merit to the appeal.

In the petition the appellant sought to have the Arkansas Department of Correction recalculate his parole eligibility date. Such a petition, which is civil in nature, is properly filed in the county in which the defendant, i.e. the Director or keeper of the records of the Arkansas Department of Correction, is located. Ark. Code Ann. § 16-60-116(a) (1987); *See e.g. Blevins* v.

---

[1] The record also contains a notice of appeal filed February 9, 1989, which covers an order rendered November 21, 1988, which denied the petition to correct and reduce sentence and an order entered November 22, 1988, which denied the error coram nobis petition. The notice of appeal was not timely with respect to the order denying the petition to correct and reduce sentence since it was not filed within thirty days of the date the order was entered as required by the rules of appellate procedure. Ark. R. App. P. 4(a). The notice of appeal was not applicable to the order denying the petition for writ of error coram nobis since the remedy when a writ is denied is a petition for writ of certiorari. *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984).

*Norris,* 291 Ark. 70, 722 S.W.2d 573 (1987); *St. John* v. *Lockhart,* 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo* v. *Lockhart,* 279 Ark. 180, 650 S.W.2d 227 (1983). As neither the Director nor the keeper of the records of the Department of Correction is located in Pulaski County where the plaintiff/appellant filed his suit, he was not entitled to any relief in that court, therefore, there would be no point in continuing with the appeal. The appeal is dismissed but without prejudice to appellant's filing his petition in the proper court.

Motion denied and appeal dismissed without prejudice.