994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Freddie Dean FREEMAN, Appellant,
v.
A. L. LOCKHART, Director of Arkansas Department of
Correction, Appellee.
 No. 92-3483.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 26, 1993.
Filed: April 29, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Freddie Dean Freeman, an Arkansas inmate, appeals from the district court's[1] order dismissing with prejudice his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm but modify the district court's order to a dismissal without prejudice.
 
 
 2
 After the Arkansas Parole Board denied Freeman parole for the sixth time, Freeman filed a petition for judicial review and declaratory judgment in Pulaski County Circuit Court. The state court dismissed the petition, concluding Freeman was not entitled to any relief in Pulaski County because neither the Director nor the keeper of the records of the Arkansas Department of Correction (ADC) was located there. Freeman v. Arkansas State Bd. of Parole and Community Rehabilitation, No. 92-4382 (Ark. Cir. Ct. Nov. 25, 1991). Freeman appealed and moved for leave to file a handwritten brief. The Arkansas Supreme Court denied his motion, concluding Freeman had made no showing of substantial merit to permit the filing of a handwritten brief. Freeman v. Arkansas State Bd. of Parole and Community Rehabilitation, No. 91-350 (Ark. Feb. 3, 1992) (unpublished per curiam).
 
 
 3
 In this petition, Freeman argued the Pulaski County Circuit Court erroneously relied on Wiggins v. State, 771 S.W.2d 759 (Ark. 1989), which considered a petition for writ of mandamus and for declaratory judgment against the ADC. He asserted he sought judicial review of the decision of the Parole Board, which was located in Pulaski County. Freeman argued the Board denied him due process when it gave "boilerplate" reasons for denying parole, and it applied a parole statute enacted after his conviction.
 
 
 4
 The district court adopted the magistrate judge's recommendation and dismissed the petition with prejudice on the basis of procedural default. Freeman timely appealed.
 
 
 5
 We conclude Freeman has not exhausted his state remedies. See Granberry v. Greer, 481 U.S. 129, 134 (1987) (court of appeals may review exhaustion issue although neither party raises it); Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988) (only if state remedy no longer exists does federal court consider procedural default). An Arkansas inmate seeking review of a Parole Board decision can file a declaratory judgment action under Ark. Code Ann. §§ 16-111-101 to 111 (Michie 1987). See Lindsey v. Wells, 901 F.2d 96, 97 (8th Cir. 1990) (per curiam) (citing Brown v. Lockhart, 707 S.W.2d 304 (Ark. 1986) and St. John v. Lockhart, 691 S.W.2d 148 (Ark. 1985)). The inmate must file this declaratory judgment action against the Director or the keeper of the records of the ADC in the county where they are located. See Wiggins, 771 S.W.2d at 760. Because neither the Director nor the keeper of the records is in Pulaski County, see id., Freeman's suit was in the wrong venue. We note that Freeman improperly attempted to proceed under Ark. Code Ann. § 25-15-212(a) (Michie 1987), which provides for judicial review of administrative actions but specifically excludes "an inmate under sentence to the custody of the [ADC]."
 
 
 6
 Accordingly, we modify the district court's order to a dismissal without prejudice, so that Freeman can exhaust his state remedies. We affirm as modified.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas