

# SUPREME COURT OF ARKANSAS

No. CV-14-111

| | |
|---|---|
| ABRAHAM GRANT<br>APPELLANT<br><br>v.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** March 13, 2013<br><br>PRO SE MOTIONS TO VACATE ORDER, FOR COPY OF RECORD, FOR EXTENSION OF BRIEF TIME, AND FOR APPOINTMENT OF COUNSEL [LINCOLN COUNTY CIRCUIT COURT, No. 40CV-13-100]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

**PER CURIAM**

In 2003, appellant Abraham Grant was found guilty by a jury of capital murder and first-degree battery and sentenced to an aggregate term of life imprisonment without parole. We affirmed. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

In 2013, appellant filed in the circuit court located in the county in which he was incarcerated a pro se petition for declaratory judgment pursuant to Arkansas Code Annotated section 16-111-102 (Repl. 2006). In the petition, appellant sought to overturn the judgment in his criminal case by challenging the sufficiency of the evidence to sustain the judgment, claiming that he was denied due process of law, and alleging that there was error in his trial, including the introduction into evidence of perjured testimony. The circuit court ruled that appellant had not stated a ground for a declaratory judgment and dismissed the petition. Appellant lodged an

appeal here from the order, and he now seeks by pro se motions a copy of the record to prepare his brief, an extension of brief time, appointment of counsel, and to vacate the order. Appellant's motion to vacate the order is not entirely clear, but he appears to contend that the circuit court did not grasp that his petition was based on the argument that there was a controversy between him and the State as to whether he was denied due process of law at his trial. In short, appellant contends that he was asking the circuit court to declare that he was entitled to have the judgment-and-commitment order in his case vacated.

As it is clear that the appeal is totally without merit, the appeal is dismissed. The motions are moot. Regardless of the label placed on the petition that appellant filed in the circuit court, it was a petition for postconviction relief challenging the judgment-and-commitment order entered in appellant's criminal case that should have been addressed to the trial court in a timely petition. *See Stanley v. State*, 2013 Ark. 483 (per curiam). The appeal will not be permitted to proceed inasmuch as it is clear that appellant could not prevail. *See Mason v. State*, 2014 Ark. 29 (per curiam).

First, appellant invoked section 16-111-102, which provides that the purpose of the declaratory-judgment statutory scheme is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *McCutchen v. City of Ft. Smith*, 2012 Ark. 452, ___ S.W.3d ___. A petition for declaratory judgment is civil in nature. *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989). This court has held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking

relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Arkansas Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986). The declared legislative purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Ark. Code Ann. § 16-111-102(a). Appellant offered nothing to establish that the statute was intended to provide a means to attack a judgment of conviction in a criminal case, and the circuit court did not err by declining to apply the statute to appellant's criminal case.

The allegations raised by appellant should have been addressed at trial, on the record on direct appeal, or in a timely filed petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2003) filed in the trial court. His attempt to convert the declaratory-judgment statute into a postconviction remedy was not founded on proper procedure.

Appeal dismissed; motions moot.

*Abraham Grant*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

SLIP OPINION