
# SUPREME COURT OF ARKANSAS

No. CV-11-410

| | |
|---|---|
| | **Opinion Delivered** October 3, 2013 |
| WILLIE BANKS, JR.<br>APPELLANT | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT,<br>40LCV-10-129, HON. JODI RAINES<br>DENNIS, JUDGE |
| V. | |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION,<br>AND C. SUMMER, RECORDS<br>COORDINATOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEES | AFFIRMED. |

## PER CURIAM

In 1999, appellant Willie Banks, Jr., was convicted of rape and sentenced as a habitual offender to forty years' imprisonment. The Arkansas Court of Appeals affirmed the conviction. *Banks v. State*, CACR-00-805 (Ark. App. Dec. 5, 2001) (unpublished). In 2000, appellant was found guilty of first-degree battery and sentenced as a habitual offender to sixty years' imprisonment, with the term to run concurrently with the previously imposed forty-year sentence. The Arkansas Court of Appeals affirmed the conviction. *Banks v. State*, CACR-01-143 (Ark. App. Dec. 19, 2001) (unpublished). On November 1, 2010, appellant filed in the Lincoln County Circuit Court a petition for writ of mandamus in which he contended that the records supervisor at the prison facility where he was incarcerated would not credit him with his earned meritorious good time for purposes of determining parole eligibility. The circuit court denied the petition, and appellant appeals that decision. We affirm.

Appellant's brief does not contain an argument section on appeal and raises no specific points for reversal.[1]  Not only is appellant's brief insufficient for our review, but also any arguments not raised on appeal are abandoned.  *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam).

In any event, even if appellant intended that the argument contained in his petition be considered on appeal in its entirety, his argument has no merit.  In his petition, appellant contended that a writ of mandamus should be issued because the records supervisor at the prison facility where he is incarcerated was not giving him the benefit of his earned credit for good time.  He seemed to contend that because he is eligible for parole in 2015 on his sixty-year sentence for first-degree battery, the fact that he is not eligible for parole on his concurrent forty-year sentence for rape until 2027 deprives him of the benefit of the meritorious good time that he has earned with respect to his first-degree-battery sentence.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty.  *Aguilar v. Lester*, 2011 Ark. 329 (per curiam).  A writ of mandamus is issued by this court only to compel an official or judge to take some action, and, when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy.  *Id.*  But a writ of mandamus will not lie to control or review

---

[1]Because appellant does not include an argument section in his brief, his brief does not comply with Ark. R. Sup. Ct. 4-2(a)(7) (2006).  Pro se appellants are held to the same standards in preparing their briefs as attorneys.  *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003).  A pro se appellant receives no special consideration on appeal.  *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam).  We do not, however, order rebriefing under Arkansas Supreme Court 4-2(b)(3) (2013) on the circumstances presented here.  While we ordinarily order rebriefing under Rule 4-2(b), we may go to the record to affirm.  *Rodriguez v. State*, 2010 Ark. 78.



matters of discretion. *Id.*

Parole eligibility is determined by the law in effect at the time the crime is committed. *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000). The determination of parole eligibility is solely within the province of the Department of Correction. *Clardy v. State*, 2011 Ark. 201 (per curiam); *Morris v. State*, 333 Ark. 466, 970 S.W.2d 210 (1998).

In his petition, appellant seemed to rely on Arkansas Code Annotated section 16-93-611 (Supp. 1997) (repealed by Act 570 of 2011) to contend that the ADC should only consider his sentence on his first-degree-battery conviction in calculating his parole eligibility because it is the "controlling sentence." Section 16-93-611, as in effect on the date that appellant committed the rape offense in February 1998, provided,

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, Class Y felonies, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, and causing a catastrophe, § 5-38-202(a), shall not be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced.

Appellant's argument that the introductory language of the statute supports his claim is simply erroneous. Pursuant to the statute, a person found guilty of rape must serve seventy percent of his term of imprisonment, even if he is eligible for an award of meritorious good time.

Appellant also referred to Arkansas Code Annotated section 16-93-611(a) (Supp. 1999), which was amended by Act 1337 of 1999 to include a provision that the seventy-percent requirement does not apply to kidnapping, a Class B felony. Even if Act 1337 had been in effect at the time that the crimes were committed, this provision is not applicable to appellant's

SLIP OPINION

argument because it refers to the Class B felony of kidnapping, not all Class B felonies, and appellant was not found guilty of kidnapping. Moreover, as we have recognized herein, appellant is serving his sentence for rape concurrently with his battery sentence.

In his petition, appellant conceded that he is not eligible for parole on his first-degree-battery sentence until 2015. The fact that appellant is also serving a concurrent rape sentence, for which he will not be transfer eligible until 2027, does not, as he claims, take away any benefits that he has earned on his first-degree-battery sentence. Appellant failed to show that he was entitled to a writ of mandamus.

Affirmed.

*Willie Banks, Jr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.