
SLIP OPINION

Cite as 2013 Ark. 457

# SUPREME COURT OF ARKANSAS

No. CV-11-106

|  |  |
|---|---|
| KENNETH RAY PITTS<br>    APPELLANT<br><br>v.<br><br>RAY HOBBS, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION, and GLEENOVER<br>KNIGHT, RECORDS SUPERVISOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>    APPELLEES | Opinion Delivered    November 7, 2013<br><br>PRO SE MOTION FOR LEAVE TO<br>FILE AMENDED COMPLAINT and<br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT, 40LCV-10-100, HON. JODI<br>RAINES DENNIS, JUDGE<br><br>APPEAL AFFIRMED; MOTION<br>DISMISSED. |

## PER CURIAM

In 2006, appellant Kenneth Ray Pitts was found guilty by a jury in the Pulaski County Circuit Court of second-degree sexual assault and sexual indecency with a child. He was sentenced as a habitual offender to consecutive sentences of 720 months' imprisonment for the charge of second-degree sexual assault and 180 months' imprisonment for the charge of sexual indecency with a child. The Arkansas Court of Appeals affirmed. *Pitts v. State*, CACR-07-110 (Ark. App. Oct. 31, 2007) (unpublished).

In 2010, appellant filed in the Lincoln County Circuit Court a pro se petition for declaratory judgment and for writ of mandamus, in which he sought to challenge the calculation of his parole eligibility. The circuit court entered an order that denied and dismissed the petition with prejudice, and appellant timely lodged an appeal from the order.

SLIP OPINION

Now before us is appellant's pleading entitled, "Pro Se Motion for Leave to File an Amended Complaint Pur. R. 15(a) and 19(a) Fed. R. Civil P. and 18 U.S.C. § 3583(a) Sentencing Guidelines." In the instant pleading, appellant appears to argue that his sentence should be dismissed as unconstitutional on the ground that the trial judge did not follow federal sentencing guidelines. Appellant also cites Arkansas Code Annotated sections 16-112-101, et seq. (Repl. 2006), and alleges that the Pulaski County Circuit Court lacked jurisdiction and that he is being held pursuant to an invalid conviction. To the extent that appellant seeks to file an amended complaint, the circuit court lost jurisdiction over the parties and the subject matter in controversy once the record on appeal was lodged with this court. *See Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam) (noting that once the appeal transcript is lodged in the appellate court, the circuit court loses jurisdiction to enter any additional rulings). To the extent that appellant seeks a writ of habeas corpus, any petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam). We therefore dismiss the motion and affirm the circuit court's order denying appellant's petition for declaratory relief and for writ of mandamus.

A petition for declaratory judgment and for writ of mandamus is civil in nature. *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989). We have held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the

SLIP OPINION

controversy must be ripe for judicial determination. *Aguilar v. Lester*, 2011 Ark. 329 (per curiam) (citing *Ark. Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986)).

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Banks v. Hobbs*, 2013 Ark. 377 (per curiam) (citing *Aguilar*, 2011 Ark. 329). A writ of mandamus is issued only to compel an official or a judge to take some action, and when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id*. But, a writ of mandamus will not lie to control or review matters of discretion. *Id*.

Appended to appellant's petition for declaratory judgment and for writ of mandamus were four time-computation cards. Two time-computation cards, dated November 27, 2007, and February 8, 2008, indicated that appellant's parole-eligibility status for the sexual-indecency sentence was one-third, and his parole-eligibility status for the second-degree sexual-assault sentence was noted with an asterisk. Two additional time-computation cards, dated June 12, 2009, and March 19, 2010, indicated that appellant's parole-eligibility status for the sexual-indecency sentence was one-third, and his parole-eligibility status for the second-degree sexual-assault sentence was noted with the number, 1805, and an asterisk. The "1805★" notation referred to Act 1805 of 2001, codified at Arkansas Code Annotated section 16-93-609 (Supp. 2003). That statute provides that any person who commits a felony offense after August 13, 2001, and who has previously been found guilty of, or pled guilty to, a felony offense, shall not be eligible for parole. Ark. Code Ann. § 16-93-609(b).

On appeal, appellant argues that the Arkansas Department of Correction (ADC) incorrectly applied section 16-93-609 to the calculation of his parole-eligibility date for the 720-month sentence, which was imposed for the charge of second-degree sexual assault. Specifically, appellant asserts that section 16-93-609 was not applicable to either of his sentences because it was not so indicated on his judgment-and-commitment order. While appellant argues that a parole-eligibility statute cannot be applied to a sentence absent some reference to that particular statute on the judgment-and-commitment order, such is not the case, and appellant has failed to cite to any convincing authority otherwise.

The law is well settled that parole eligibility is determined by the law in effect at the time the crime is committed. *Aguilar*, 2011 Ark. 329. The determination of parole eligibility is solely within the province of the ADC. *Anderson v. Hobbs*, 2013 Ark. 354 (per curiam). Section 16-93-609(b), in effect at the time appellant committed the crimes of second-degree sexual assault and sexual indecency with a child, provided as follows:

> (1) Any person who commits . . . any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to . . . any felony sex offense shall not be eligible for release on parole by the board.

> (2) For purposes of this subsection, "a violent felony offense or any felony sex offense" means those offenses listed in § 5-4-501(d)(2).

The ADC correctly applied section 16-93-609(b) to appellant's sentence for second-degree sexual assault, which he committed subsequent to August 13, 2001.[1] Second-degree sexual assault is listed as one of the felony sex offenses referred to in section 16-93-203(b)(2). *See*

---

[1]The record reflects that commission of the crime occurred on or about May 15, 2004.

SLIP OPINION

Ark. Code Ann. § 5-4-501(d)(2)(A)(xi) (Supp. 2003). At trial, certified copies of two judgment-and-commitment orders were admitted to prove appellant's status as a habitual offender. Those documents indicated that appellant was convicted of first-degree sexual abuse in 1990 and pled guilty to first-degree sexual abuse in 1984. At the time that appellant was convicted and sentenced for the crimes of sexual assault in the second degree and sexual indecency with a child, first-degree sexual abuse was listed in section 5-4-501(d)(2) as one of the referenced felony sex offenses. *See* Ark. Code Ann. § 5-4-504(d)(2)(A)(viii) (Supp. 2003).[2]

Appellant also raises arguments that are not preserved for our review. Specifically, appellant raises allegations of trial error that are precluded by the law-of-the-case doctrine,[3] as well as a claim of an ex-post-facto violation for which appellant failed to obtain a ruling. Nevertheless, appellant's claim that application of Act 1805 to his sentence amounts to an ex-post-facto application of the law is without merit. There are two critical elements that must be present for a criminal law to be ex post facto: (1) it must be retrospective, that is, it must apply to events occurring before its enactment; (2) it must disadvantage the offender affected by it. *Brown v. Lockhart*, 288 Ark. 483, 707 S.W.2d 304 (1986). Neither element is present

---

[2]The statute has since been amended by Act 827 of 2007, which repealed the subsection listing "sexual abuse in the first degree."

[3]Appellant asserts on appeal that the trial court should not have allowed testimony regarding his prior conviction of first-degree sexual abuse. This argument was raised by appellant on his direct appeal, and the court of appeals found no error in the admission of the testimony in question. *Pitts*, CACR-07-110, slip op. at 2. Thus, the argument is barred by the law-of-the-case doctrine. *See Strong v. Hobbs*, 2013 Ark. 376 (per curiam) (explaining that, where the merits of a claim were addressed and adjudicated in a prior appellate decision, that issue is settled and may not be revisited in a subsequent appeal).

in this case. Act 1805 was in effect at the time of appellant's present offenses, and it is applied by the ADC to the present offense of second-degree sexual assault, not to appellant's prior convictions. Therefore, there was no violation.

As appellant failed to show that he was entitled to declaratory judgment or a writ of mandamus, we affirm the circuit court's order denying relief.

Appeal affirmed; motion dismissed.

*Kenneth Ray Pitts*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.