SLIP OPINION



Cite as 2014 Ark. 315

# SUPREME COURT OF ARKANSAS

No. CV-13-429

| | |
|---|---|
| ERNEST M. BROWN<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered June 26, 2014<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-13-58]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

## PER CURIAM

In 2006, appellant Ernest M. Brown entered a plea of guilty in Tennessee to attempted carjacking and aggravated kidnapping. Subsequently in 2009, appellant entered a plea of guilty in Arkansas to aggravated robbery and was sentenced to 180 months' imprisonment in the Arkansas Department of Correction ("ADC"). In 2013, appellant filed in the Jefferson County Circuit Court a pro se petition for declaratory judgment and for writ of mandamus, in which he sought to challenge the calculation of his parole-eligibility date by the ADC. The petition primarily pertained to Act 1805 of 2001, codified at Arkansas Code Annotated section 16-93-609(b)(1) (Repl. 2006). In pertinent part, Act 1805 provides that any person who commits a violent felony, subsequent to August 13, 2001, who has previously been found guilty of a violent felony shall not be released on parole. Ark. Code Ann. § 16-93-609(b)(1). Appellant argued that the application of the statute to his sentence amounted to an enhancement of the sentence. He further claimed that Act 536 of 1993 and Act 558 of 1993, codified at Arkansas Code Annotated section 12-28-201 (Supp. 1995), under which an inmate may be eligible for meritorious "good

SLIP OPINION

time," and, thus, advance his parole-eligibility date, were in conflict with Act 1805 in that Act 1805 removed an inmate's ability to be eligible for parole contrary to the dictates of Acts 536 and 558.

The circuit court entered an order that denied and dismissed the petition with prejudice. Appellant brings this appeal. We review the action of the circuit court de novo, and we will uphold the circuit court's decision in a declaratory judgment and mandamus action unless it is clearly erroneous. *See Crawford v. Cashion*, 2010 Ark. 124 (per curiam). On appeal, appellant reiterates the arguments made in the petition.

A petition for declaratory judgment and for writ of mandamus is civil in nature. *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989). We have held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Pitts v. Hobbs*, 2013 Ark. 457 (per curiam); *see also Aguilar v. Lester*, 2011 Ark. 329 (per curiam) (citing *Ark. Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986)).

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Pitts*, 2013 Ark. 457; *Banks v. Hobbs*, 2013 Ark. 377 (per curiam) (citing *Aguilar*, 2011 Ark. 329). A writ of mandamus is issued only to compel an official or a judge to take some action, and, when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Banks*, 2013 Ark. 377. But, a writ of

mandamus will not lie to control or review matters of discretion. *Id.*

Arkansas Code Annotated section 16-93-609 is not a sentencing statute, and it is not an enhancement statute; it merely sets out certain provisions for parole eligibility. Pursuant to Arkansas Code Annotated section 5-4-402 (a) (Repl. 2006), parole eligibility is within the domain of the executive branch, specifically the ADC. *Cridge v. Hobbs*, 2014 Ark. 153 (per curiam). While the ADC's discretion, even when it concerns matters of parole eligibility, may be limited by statute, *see Hobbs v. Baird*, 2011 Ark. 261, appellant here did not establish that in his case there was a justiciable issue that merited relief in a declaratory-judgment proceeding or that there was a cause on which a petition for writ of mandamus could be granted.

Morever, we have held that a criminal defendant may not use a declaratory-judgment action or a suit for an extraordinary writ for the purpose of challenging a criminal conviction or sentence. *Manning v. Norris*, 2011 Ark. 439 (per curiam); *see Johnson v. State*, 340 Ark. 413, 12 S.W.3d 203 (2000) (per curiam) (holding that an attack on appellant's judgment of conviction was not cognizable in a suit for declaratory judgment or mandamus). A criminal defendant is required to raise any claims regarding his judgment and sentence in the trial court or on direct appeal, and he may not raise them in a collateral civil proceeding at a later time. *Manning*, 2011 Ark. 439; *see also Williams v. State*, 346 Ark. 54, 56 S.W.3d 360 (2001). A declaratory-relief action is not a substitute for an ordinary cause of action. *Manning*, 2011 Ark. 439; *see also Davis v. Hobbs*, 2011 Ark. 249 (per curiam); *McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006) (per curiam). Further, a writ of mandamus cannot be used by a pro se petitioner as a substitute for raising an issue in the trial court or in an appeal. *Manning*, 2011 Ark. 439; *see also Gran v. Hale*,

SLIP OPINION

294 Ark. 563, 745 S.W.2d 129 (1988).  Based upon this well-established precedent, appellant's claims did not warrant the relief he sought.

Affirmed.

*Ernest M. Brown*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.