Cite as 2021 Ark. 120

# SUPREME COURT OF ARKANSAS

No. CR–20–598

| | |
|---|---|
| MICHAEL JENKINS<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; GLEENOVER KNIGHT, RECORDS SUPERVISOR<br>APPELLEES | **Opinion Delivered:** May 27, 2021<br><br>PRO SE APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. 54CR-16-145]<br><br>HONORABLE RICHARD PROCTOR, JUDGE<br><br>APPEAL DISMISSED. |

**BARBARA W. WEBB, Justice**

Michael Jenkins appeals from the denial of his petition for writ of mandamus/prohibition. Jenkins filed his petition in the county where he was convicted and alleged that the appellees had miscalculated his parole eligibility by requiring that he serve 100 percent of his sentence pursuant to Arkansas Code Annotated section 16-93-609(b)(1) (Repl. 2016).[1] However, because Jenkins filed his petition in the wrong county, we must dismiss this case without prejudice.

A Phillips County jury convicted Jenkins of sexual assault in the first degree, and he was sentenced to 180 months' imprisonment. The Arkansas Court of Appeals affirmed. *Jenkins v. State*, 2019 Ark. App. 419, 582 S.W.3d 32. Jenkins filed his petition in Phillips

---

[1] Section 16-93-609(b)(1) states in pertinent part that any person who commits any felony sex offense after August 13, 2001, and who has previously been found guilty of any violent felony offense shall not be eligible for release on parole.

County on August 6, 2020, and the circuit court denied it on September 14, 2020.[2] In the petition filed below and in his argument on appeal, Jenkins contends that the appellees have miscalculated his parole eligibility based on his previous conviction in 1980 for armed robbery, which took place in the State of Illinois. Jenkins argues that section 16-93-609 was not in effect when he was convicted of armed robbery, and it is therefore inapplicable. The circuit court summarily dismissed the petition for mandamus without explanation.

In *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989), an inmate attempted to challenge the legality of the Arkansas Department of Correction's (ADC's) calculation of parole eligibility by filing a mandamus petition in the county where he was tried and convicted. The *Wiggins* court noted that both the director and the keeper of the records of the ADC are located in Jefferson County and held that Wiggins's failure to file his petition in Jefferson County required that his case be dismissed without prejudice.

In the case at bar, Jenkins has likewise filed his petition in the county where he was tried and convicted. As neither the director nor the keeper of the records of the ADC is located in Phillips County where Jenkins filed his pleading, he is not entitled to any relief in the Phillips County Circuit Court. *Id*. Accordingly, we dismiss Jenkins's case without prejudice.

> Appeal dismissed.
> *Michael Jenkins*, pro se appellant.
> *Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[2]The record reveals that Jenkins failed to perfect service of process on the appellees, and the court rendered its judgment before the 120-day period for service had expired. *See Hill v. Dennis*, 2019 Ark. 338 (explaining that it is mandatory under Arkansas law that service of process be made within 120 days after the filing of the complaint). Appellees have not objected to the lack of service.