Cite as 2024 Ark. 181

# SUPREME COURT OF ARKANSAS

**No.** CV–24–373

| | |
|---|---|
| ARKANSAS POST-PRISON TRANSFER BOARD; LONA MCCASTLAIN, IN HER OFFICIAL CAPACITY AS CHAIRWOMAN OF THE ARKANSAS POST-PRISON TRANSFER BOARD; ARKANSAS DEPARTMENT OF CORRECTIONS; ARKANSAS DIVISION OF CORRECTION; AND DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLANTS<br><br><br>V.<br><br><br>GRADY L. MCGOWAN<br><br>APPELLEE | **Opinion Delivered:** December 12, 2024<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-23-8450]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>AFFIRMED. |

**CODY HILAND, Associate Justice**

The Arkansas Post–Prison Transfer Board; Lona McCastlain in her official capacity as chairwoman; the Arkansas Division of Correction; and Dexter Payne in his official capacity as director (Appellants) appeal the Pulaski County Circuit Court's order granting declaratory judgment in favor of Grady McGowan (Appellee). For reversal, Appellants argue that the circuit court erred in finding that Act 683 of 2023 (the Act) renders McGowan eligible for parole or, in the alternative, the sentencing order can be corrected nunc pro tunc. Because the sentencing order does not expressly designate that McGowan was

ineligible for parole pursuant to Ark. Code Ann. § 16-93-609(b)(2) as the statutory language requires, we affirm.

## I. *Facts*

In 1995, McGowan was convicted of residential burglary.[1] In 2020, in addition to other crimes, McGowan pleaded guilty to residential burglary for a second time and was sentenced to nine years' imprisonment with an additional eleven-year suspended imposition of sentence on that charge.[2] Under "Additional Info," McGowan's sentencing order stated that "Defendant has been advised that he may be ineligible for release on parole due to a prior felony conviction."

Prior to the passage of the Act, the Arkansas Division of Correction (ADC) determined that McGowan was eligible for parole and provided him a parole hearing in which the Arkansas Post-Prison Transfer Board voted to approve his transfer from ADC custody to Arkansas Division of Community Correction. At the time, the ADC believed that residential-burglary convictions prior to 2015 did not count as "prior violent felonies" in order to trigger the parole-eligibility statute.[3] As a result, the Arkansas Attorney General issued a written opinion in May 2022[4], which ultimately led to the recalculation of

---

[1]*See* Benton County Circuit Court Case No. 04CR-94-353.

[2]*See* Benton County Circuit Court Case No. 04CR-19-2825.

[3]Ark. Code Ann. § 16-93-609.

[4]"An offender previously convicted of residential burglary who committed an additional offense on or after April 1, 2015 is not eligible for parole." Op. Ark. Att'y Gen. No. 10 (2022).

McGowan's parole-eligibility date[5] and the rescission of his transfer. Thereafter, in an attempt to further clarify the current state of the law, the Arkansas General Assembly passed Act 683 of 2023, which stated the following: "Unless the sentencing order expressly designates that the defendant was sentenced under this section, "a violent felony offense or any felony sex offense" does not include residential burglary, § 5-39-201, committed before April 1, 2015, unless the defendant was sentenced on or after May 24, 2022." *See* Ark. Code Ann. § 16-93-609 (Supp. 2023).

Thus, in November 2023, McGowan filed a "Petition for Declaratory Judgment, Injunctive Relief, and Prayer for Mandamus Relief" asking the circuit court to determine whether he was eligible for parole pursuant to the Act. McGowan argued that according to the clear language of the statute, the court can look no further than the sentencing order— which here, again, states *only* that McGowan "was advised that he *may* be ineligible for release on parole due to *a* prior felony conviction." (Emphasis added.) He maintained that because the "express designation" necessary to comply with the statute was absent, he was eligible for parole. In response, Appellants argued that McGowan was clearly on notice of his ineligibility based on the language of his plea agreement, which did, in fact, include a specific notation to Arkansas Code Annotated section 16-93-609. Alternatively, if the court determined the statute mandated a sentencing order to contain "a magic words requirement," Appellants argued that the order can be amended nunc pro tunc to "speak the truth of what happened" regarding his guilty plea. As to the relief requested, McGowan

---

[5]ADC recalculated McGowan's release date as November 24, 2028—requiring him to serve his full nine-year sentence.

asked the circuit court not only to declare that Act 683 applies to his sentence but also to enter a writ of mandamus directing Appellants to modify the date of his eligibility and to reinstate his parole.

After a hearing in April 2024, the circuit court granted declaratory relief in favor of McGowan and ordered Appellants to modify his parole-eligibility date in accordance with his order, but denied further relief as "McGowan's release is an issue for the Arkansas Post-Prison Transfer Board and not this Court." Upon entry of the written order, Appellants timely filed this appeal.

## II. *Legal Analysis*

The issue presented in this case is a matter of statutory interpretation - what language contained on a sentencing order is sufficient to "expressly designate" that an offender was sentenced pursuant to Arkansas Code Annotated section 16-93-609(b)(2)(B) and is thereby ineligible for parole. This appeal is a companion case to *Rodgers v. Arkansas Parole Board*, 2024 Ark. ___, ___ S.W.3d ___ (Dec. __, 2024). Here, we have determined that there was no express designation in McGowan's sentencing order, and we decline to remand the case for the sentencing order to be amended nunc pro tunc. Thus, for these reasons and the reasons articulated in *Rodgers* and incorporated by reference herein, we affirm.

Affirmed.

WOMACK and WEBB, JJ., dissent.

4

**SHAWN A. WOMACK, Justice, dissenting.** Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1] Indeed, absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Here, McGowan improperly made the State a defendant when he sought mandamus, declaratory, and injunctive relief in a new civil action below, 60CV-23-8450.[3] Instead, he should have petitioned in his underlying criminal case, 04CR-19-2825. Accordingly, this court, like the circuit court below, lacks jurisdiction. For these reasons, the circuit court's order must be reversed and the case dismissed.

**BARBARA W. WEBB, Justice, dissenting.** For the reasons discussed in *Wright v. Arkansas Parole Board*, 2024 Ark. ___, ___ S.W.3d ___ (Webb, J., dissenting), Act 683 of 2023 does not apply to McGowan. He is therefore ineligible for parole and the circuit court erred in granting him relief.

I dissent.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellant.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellee.

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id.*

[3] *See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (holding Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).